NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  YAN SUI,<br><br>          Debtor.<br>_____<br><br>PEI-YU YANG,<br><br>          Appellant,<br><br>  v.<br><br>RICHARD ALAN MARSHACK, Chapter 7<br>Trustee,<br><br>          Appellee. | No. 15-60066<br><br>BAP No. 14-1498<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Kurtz, and Pappas, Bankruptcy Judges, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Pei-Yu Yang appeals pro se from an order of the Bankruptcy Appellate

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Panel ("BAP") dismissing as moot Yang's appeal of the bankruptcy court's order requiring Yang to turnover real property. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's determination that a bankruptcy appeal is moot. *Nat'l Mass Media Telecomm. Sys., Inc. v. Stanley (In re Nat'l Mass Media Telecomm. Sys., Inc.)*, 152 F.3d 1178, 1180 (9th Cir. 1998). We affirm.

The BAP properly dismissed Yang's appeal as moot because the property was conveyed to a third party which prevented the BAP from granting effective relief. *See id.* at 1180-81 (affirming dismissal on the basis of mootness where the sale of the property to a non-party prevented the court from granting effective relief).

Because Yang's appeal is moot, we do not consider her arguments addressing the underlying merits of the appeal.

All pending requests and motions are denied.

**AFFIRMED.**